# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **ERNEST LEE WALKER, SR.,** | ) |
| **AIS #253353** | ) |
|     **Petitioner,** | ) |
| | ) **CIVIL ACTION NO. 1:20-cv-531-JB-N** |
| **v.** | ) |
| | ) |
| **KENNETH PETERS,** *et al.*, | ) |
|     **Respondents.** | ) |

## REPORT AND RECOMMENDATIONS

This action is before the Court[1] on a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by Petitioner Ernest Lee Walker, Sr. on October 17, 2020. (Doc. 1, PageID.12).[2] Under S.D. Ala. GenLR 72(a)(2)(R), the undersigned is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to the appropriate disposition of the petition in accordance with 28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing 2254 Cases in the United States District Courts (hereinafter, the "2254 Rules").

Upon consideration and for the reasons stated herein, the undersigned **RECOMMENDS** Walker's § 2254 petition be **DISMISSED with prejudice**.

---

[1] The assigned District Judge referred this petition to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b) and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (11/6/2020 elec. ref.).

[2] Under the "mailbox rule," inmate filings are deemed filed on the date of delivery to prison officials for mailing. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999).

# I.  *Procedural History and Factual Background*

## A. Trial Court Proceedings

Walker was convicted in the Circuit Court of Mobile County, Alabama on March 4, 2009 for first-degree burglary (in violation of Ala. Code § 13A-7-5-(a)(2)), first-degree sexual abuse (in violation of Ala. Code § 13A-6-66(a)(1)), attempted first-degree sodomy (in violation of Ala. Code §§ 13A-4-2, 13A-6-63) and obstructing justice (in violation of Ala. Code § 13A-8-194) upon a jury's finding of guilty on all counts. (Docs. 1, 13, 13-7). At trial, Walker was represented by Walter Honeycutt, Esq., who had been appointed by the circuit court to represent him at arraignment on October 23, 2008. (Doc. 13-7).

After trial, but before sentencing, the circuit court granted Honeycutt's motion to withdraw as counsel on April 23, 2009. (*Id*.). This same date, William J. Casey, Esq., filed a notice of appearance on Walker's behalf. (*Id*.). On May 14, 2009, the State gave notice of intent to proceed under the Habitual Felony Offender Act ("HFOA"), Ala. Code § 13A-5-9, *et seq.* (Docs. 13-7, 13-8). Sentencing took place May 21, 2009. (Doc. 13-7). The circuit court applied the HFOA and sentenced Walker to life without the possibility of parole on the first-degree burglary conviction and to life imprisonment on each of the remaining convictions, to run consecutively. (Docs. 1, 13, 13-16, 13-17). At sentencing, Walker's appointed counsel, Casey, gave notice of intent to appeal. (Doc. 13-7).

## B. Direct Appeal

Walker directly appealed his conviction to the Alabama Count of Criminal Appeals ("ACCA"), asserting four grounds for relief.[3] (Docs. 13-1, 13-3). None of the grounds raised before the ACCA related to ineffective assistance of counsel. (*See id.*). The ACCA affirmed Walker's convictions and sentences, rejecting his grounds for relief on the merits, by unpublished memorandum dated January 29, 2010. (Docs. 13-3, 13-5). *Walker v. State*, 75 So. 3d 1228 (Ala. Crim. App. 2010) (table). Walker filed an application for rehearing on February 17, 2010 that was overruled (Doc. 13-4; *see* Doc. 13-6), and subsequently sought certiorari from the Alabama Supreme Court on March 23, 2010. (Doc. 13-4). The Alabama Supreme Court denied that petition on May 7, 2010, and certificate of judgment was issued the same day. (Docs. 13-5, 13-6). Thereafter, Walker sought certiorari from the U.S. Supreme Court that was denied November 4, 2010, making Walker's judgments of conviction final. (*Id.*).

## C. Alabama Rule 32 Proceedings

On October 10, 2009, while his direct appeal to the ACCA was still pending, Walker filed a premature petition with supplemental materials under Rule 32 of the Alabama Rules of Criminal Procedure. (Doc. 13-15, PageID.1402-38). This petition raised, among other claims, numerous grounds of alleged error relating to ineffective

---

[3] These grounds were: (1) that the seizure of items allegedly stolen from the victim was in violation of the Fourth Amendment, (2) that a photo array including Walker shown to the victim was impermissibly suggestive, (3) that the indictment was fatally defective because it identified "Earnest Lee Walker," rather than "Earnest Lee Walker, Sr.," and (4) had the allegedly stolen items seized in violation of the Fourth Amendment been suppressed, there would have been insufficient evidence to support a conviction. (Docs. 13, 13-1).

assistance of counsel. (Doc. 13-15). The record indicates this premature Rule 32 petition was dismissed without prejudice at Walker's request. (Docs. 13-15, 13-16).

On February 7, 2011, Walker filed his first proper Rule 32 petition. (Doc. 13-19). He amended that petition four times, and the State moved to dismiss each. (Doc. 13-16). The fourth amended Rule 32 petition was filed November 20, 2015, raising seven grounds for relief:

> (1) The petitioner was denied counsel between the time of his preliminary hearing and his arraignment some 11 months later; (2) trial counsel failed to properly advise petitioner about sentencing and the trial court gave petitioner incorrect advice on time to be served on a 25 year sentence; (3) the sentence imposed was illegal because the prior convictions offered to invoke the habitual felony offender act were not valid; (4) trial counsel was ineffective for failing to properly investigate and prepare for trial; (5) appointed appellate counsel was furnished with an incomplete transcript on appeal and submitted his brief based on the incomplete transcript; (6) trial counsel was ineffective for refusing to allow petitioner to testify; (7) petitioner's right to counsel was violated by appointed counsel.

(Doc. 13-25, PageID.2766-88). The State responded to the fourth petition by seeking dismissal, and Walker also filed a reply in support. (Doc. 13-25, PageID.2808-29).

By order dated September 6, 2018, Walker's fourth Rule 32 petition was summarily denied by the circuit court under Rule 32.7(d). (Doc. 13-26, PageID.2959-72). In so doing, the circuit court adopted a proposed order offered by the State. (Doc. 13-28). *Compare* (Doc. 13-28, PageID.3040-51) *with* (Doc. 13-26, PageID.2959-72). Specifically, the circuit court concluded Walker's ineffective assistance of counsel claims raised in grounds 1, 4 and 7 were precluded under Rule 32.2(d), because they were raised in a successive petition, *see* Rule 32.2(b), and alternatively, that his claims were not pled with specificity as required by Rules 32.3 and 32.6(b), such that

summary dismissal was appropriate. The remaining grounds were dismissed pursuant to Rule 32.7(d). (Doc. 13-28). Walker appealed dismissal of his fourth Rule 32 petition to the ACCA on June 20, 2019, raising eight discrete issues:

> (1) the trial court's verbatim adoption of the State's proposed order was "clearly erroneous;" (2) the trial court erred in denying Appellant's "Construction Denial of Counsel" and "Ineffective Assistance of Counsel" claims [Claims 1 & 4]; (3) the trial court erred in denying Appellant's claim that trial counsel failed to advise him about sentencing and the trial court gave the Appellant incorrect advice on a 25 year sentence [Claim 2]; (4) the trial court erred in denying Appellant's claim that the sentence imposed was illegal because prior convictions offered to invoke the habitual felony offender act were not valid. [Claim 3]; (5) the trial court erred in denying Appellant's claim that his appointed Appellant counsel was furnished with an incomplete transcript on appeal and submitted his brief based on the incomplete record/transcript [Claim 5]; (6) the trial court erred in denying Appellant's claim that his trial counsel was ineffective for refusing to allow him to testify [Claim 6]; (7) the trial court erred in denying Appellant's claim that his right to counsel of choice was violated by appointed counsel [Claim 7]; (8) the Appellant's "Unrefuted" pro se issues were not denied by the trial court's October 6, 2015 order nor its September 6th, 2018 order. Therefore, they must be taken as true.

(Doc. 13-14). The ACCA rejected each of these claims and affirmed the circuit court's summary dismissal of the fourth amended Rule 32 petition by unpublished memorandum of opinion dated March 13, 2020. (Doc. 13-16). Notably, however, the State argued to the ACCA that because Walker's initial and premature Rule 32 petition was dismissed without prejudice, his ineffective assistance of counsel claims presented in the fourth amended Rule 32 motion were not technically successive under Rule 32.2(b). (Doc. 13-15). However, the State maintained these claims were precluded under Rule 32.2(d) because they were known to Walker before his direct appeal and not raised at that time. (Doc. 13-15). The ACCA, while addressing this

point, primarily based its affirmance of the circuit court's summary dismissal on Walker's failure to satisfy Rules 32.3 and 32.6(b). (*See* Doc. 13-16, PageID.1450-58).

Walker applied for reconsideration from the ACCA (Doc. 17-1), which was denied. (Doc. 13-17, PageID.1536). Walker sought certiorari from the Alabama Supreme Court by petition dated June 5, 2020. (Doc. 13-17). The Alabama Supreme Court denied certiorari and certificate of judgment was issued by the ACCA affirming dismissal of the fourth amended Rule 32 petition on August 21, 2020. (Doc. 13-18).

### D. Federal Habeas Proceedings

Walker's operative habeas petition was filed with this Court on October 17, 2020. (Doc. 1). His petition raises eight grounds for relief:

1) That he was constructively denied counsel between the time of his preliminary hearing and his arraignment 11 months later.
2) That his trial counsel failed to properly advise him about sentencing and the trial court gave him incorrect advice on time to be served on the State's officer of 25 years.
3) That his sentences are illegal because the prior convictions offered to invoke HFOA were invalid.
4) That his trial counsel was ineffective for failing to properly investigate and prepare for trial.
5) That his appointed counsel for appeal was provided with an incomplete transcript.
6) That his trial counsel was ineffective for refusing to allow him to testify.
7) That his right to counsel was violated by appointed counsel
8) That the trial court erred to reversal when it verbatim adopted the State's proposed order.

(Doc. 1).[4] After conducting a preliminary review of the motion pursuant to Rule 4 of the § 2254 Rules, the undersigned directed a response be filed. (Doc. 8). Respondents,

---

[4] Contemporaneously filed with the operative petition were (1) a motion to proceed *in forma pauperis* ("IFP") and (2) a motion pursuant to Ala. R. App. P. 18(c), requesting this Court certify several questions of law for consideration by the Alabama Supreme Court. (Docs. 2, 3). The IFP motion was denied (Doc. 4) though Walker's $5 filing fee was subsequently remitted. (Doc. 5). Walker also filed a

through the Office of the Attorney General for the State of Alabama, timely did so June 14, 2021. (Doc. 13). In short, this response contends at least some of Walker's claims are unexhausted and procedurally defaulted, and argues that even if properly raised, all lack merit. (*Id*.).

Upon consideration of that response, the undersigned provided Walker with an opportunity to show cause as to why his petition should not be dismissed for the reasons stated in the answer. (Doc. 14). This order, dated June 16, 2021, set a deadline of July 30, 2021 for Walker to file his reply and directed the petition would be taken under submission July 31, 2021. (*Id*.). On July 14, 2021, Walker moved the Court for both an extension of time to file his reply and for an order compelling respondents to supplement the record with a copy of Walker's Rule 32 application for rehearing to the ACCA. (Doc. 15). The undersigned granted relief in both respects, extending Walker's deadline to file a reply until August 18, 2021 and ordering respondents to supplement the record with the aforementioned application. (Doc. 16). Respondents timely supplemented the record. (Doc. 17). Thereafter, Walker was granted another extension, resetting his deadline to submit a reply for September 17, 2021. (Doc. 19). Walker's reply was timely filed (Doc. 20), and the petition was taken under consideration September 18, 2021.

## II. *Analysis*

### A. Timeliness

---

second motion under Ala. R. App. P. 18, and the undersigned denied both motions (Docs. 3, 6) by order dated April 21, 2021. (Doc. 12).

Walker's § 2254 petition is subject to AEDPA because his judgment became final after April 24, 1996. *See Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000) (explaining AEDPA's timeliness standards). Thus, his one-year period under AEDPA runs from latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States in removed, if the applicant was prevent from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Nothing in Walker's petition supports running his one-year AEDPA limitations period from any of the dates in §§ 2244(d)(1)(B)-(D); thus, Walker had "one year from the date his judgment of conviction and sentence bec[a]me[] final to file a petition for a writ of habeas corpus in federal court." *Walton v. Sec'y, Florida Dep't of Corr.*, 661 F.3d 1308, 1310 (11th Cir. 2011) (citing 28 U.S.C. § 2244(d)(1)(A)). Here, Walker's conviction became "final" for AEDPA's purposes as of November 5, 2010 – the day after his petition for writ of certiorari from the United States Supreme Court was denied. (Doc. 13-6). *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) ("Under Fed. R. Civ. P. 6(a)(1), 'in computing any time period specified in . . . any statute that does not specify a method of computing time . . . [we must] exclude the day of the event that triggers the period[,] count every day, including

intermediate Saturdays, Sundays, and legal holidays[, and] include the last day of the period,' unless the last day is a Saturday, Sunday, or legal holiday."). 94 days after his AEDPA clock began to run, he sought post-conviction relief in the Alabama state courts by filing a proper Rule 32 petition February 7, 2011. (Doc. 13-19). This paused his AEDPA clock, 28 U.S.C. § 2244(d)(1), and that clock remained paused until August 21, 2020, when the Alabama Supreme Court denied Walker's certiorari petition relating to his fourth amended Rule 32 petition. (Doc. 13-18). Walker filed the operative habeas petition in this Court 56 days later, on October 17, 2020. (*Id.*). Accordingly, Walker's petition is timely under AEDPA.

## B. Exhaustion & Procedural Default

Even a timely petition for habeas relief must comply with other requirements established by statute and Supreme Court precedent. "A critical prerequisite for any state petitioner seeking federal habeas relief is the requirement that he first properly raise the federal constitutional claim in the state courts." *Ward v. Hull*, 592 F.3d 1144, 1156 (11th Cir. 2010) (citations omitted). The first consideration is exhaustion, as 28 U.S.C. § 2254(b)(1) provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant *has exhausted the remedies available in the courts of the State...*" (emphasis added). As a general matter, "to exhaust state remedies, a petitioner must fairly present every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." *Ward*, 592 F.3d at 1156. In Alabama, the established appellate review

process includes an appeal to the ACCA, an application for rehearing to the ACCA, and an application for discretionary review by the Alabama Supreme Court. *See Price v. Warden, Att'y Gen. of Ala.*, 701 F. App'x 748, 749-50 (11th Cir. 2017) (per curiam); Ala. R. App. P. 4, 39, 40.

The State argues in passing that at least some of the eight grounds raised by Walker's petition to this Court are either unexhausted but does not identify which ones nor make any substantive argument to this effect. Having reviewed the record, the undersigned finds Walker properly and fairly presented each of the ground raised here at each necessary stage of Alabama's established review process, such that his claims are not unexhausted. (Docs. 13-14, 13-29, 17).

The second consideration – procedural default – typically arises in one of two ways:

> A federal claim is subject to procedural default where: (1) the state court applies an independent and adequate ground of state procedure to conclude the petitioner's federal claim is barred; or (2) the petitioner never raised a claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred under the state procedural rules.

*Williams v. Alabama*, 2017 U.S. App. LEXIS 17743, *4 (11th Cir. 2017) (per curiam) (citing *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999)). The *Ward* Court further explains:

> "The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). The doctrine of procedural default dictates that "[a] state court's rejection of a petitioner's constitutional claim on state procedural grounds will generally preclude any subsequent federal habeas review of that claim." *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001). However, a state court's rejection of a federal constitutional

> claim on procedural grounds may only preclude federal review if the state procedural ruling rests upon "adequate and independent" state grounds. *Marek v. Singletary*, 62 F.3d 1295, 1301 (11th Cir. 1995) (citation omitted).

592 F.3d at 1156. The Eleventh Circuit applies a three-part test for determining whether a state court's procedural ruling is based upon an adequate and independent state ground:

> First, the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim. Secondly, the state court's decision must rest solidly on state law grounds, and may not be "intertwined with an interpretation of federal law." Finally, the state procedural rule must be adequate; i.e., it must not be applied in an arbitrary or unprecedented fashion. The state court's procedural rule cannot be "manifestly unfair" in its treatment of the petitioner's federal constitutional claim to be considered adequate for the purposes of the procedural default doctrine.

*Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001) (internal citations omitted).

Specific to Rule 32 proceedings, the Eleventh Circuit has "clarified that an Alabama state court's dismissal of a federal constitutional claim for failure to plead a sufficient factual basis under Rule 32.6(b) is a ruling on the merits that does not preclude federal habeas review under the procedural-default doctrine." *Freeman v. Comm'r, Ala. Dep't of Corr.*, 46 F.4th 1193, 1208 n.12 (11th Cir. 2022) (citations omitted). *See Borden v. Allen,* 646 F.3d 785, 812 (11th Cir. 2011); *Powell v. Allen*, 602 F.3d 1263, 1272-73 (11th Cir. 2010). An Alabama court's dismissal pursuant to Rule 32.3 (burden of proof) is also a ruling on the merits that does not preclude this Court's review. *Freeman*, 46 F.4th at n.12. Additionally, Alabama courts "routinely treat claims dismissed pursuant to Rule 28(a)(10) as procedurally defaulted," and dismissal

on such a basis is an adequate and independent state ground. *Shipp v. Myers*, 2018 U.S. Dist. LEXIS 54478, *25 (N.D. Ala. Feb. 23, 2018) (collecting cases), <u>report and recommendation adopted</u>, 2018 U.S. Dist. LEXIS 53844 (N.D. Ala. Mar. 30, 2018).

The ACCA affirmed summary dismissal of several grounds now raised by Walker either in whole or part under Rule 32.3 or Rule 32.6 (grounds 1, 2, 4, 5, 6 and 7), which are determinations on the merits. *Borden*, 646 F.3d at 812. (Doc. 13-16). By contrast, the ACCA's affirmance of summary dismissal with respect to grounds 3 and 8 raised here were determinations on the merits based on state law grounds. (*Id.*). However, as to Walker's ground 6 (*see* Doc. 13-28, PageID.3049) ("Counsel was ineffective for refusing to allow the Petitioner to testify")), the ACCA also determined Walker failed to comply with Ala. R. App. P. 28(a)(10). (Doc. 13-16, PageID.1472-73). Accordingly, this claim is procedurally defaulted.[5] *See Shipp*, 2018 U.S. Dist. LEXIS 54478 at *25-26. The remaining claims, however, are not precluded from review by this Court. Accordingly, the undersigned proceeds to review the ACCA's disposition of Walker's remaining claims under AEDPA's deferential standard.

### C. AEDPA Merits Review

AEDPA significantly limits the scope of federal review where the state court adjudicated a claim on the merits. *Borden*, 646 F.3d at 816. Under 28 U.S.C. § 2254(d):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --

---

[5] Walker does not show cause and prejudice or actual innocence to excuse the procedural default of this claim. (*See* Doc. 20).

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in the State court proceeding.

With respect to subsection (d)(1), "[a] state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result." *Brown v. Payton*, 544 U.S. 133, 141 (2005) (citations omitted). Further, "[a] state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner." *Id.* (citation omitted). Notably, within this subsection, the terms "contrary to" and "unreasonable application of" carry independent meaning. *Bell v. Cone*, 535 U.S. 685, 694 (2002). The *Bell* Court explains:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. [*Williams v. Taylor*, 529 U.S. 362,] 405-406 [(2000)]. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. *Id.*, at 407-408. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* that an unreasonable application is different from an incorrect one. *Id.*, at 409-410. *See also id.*, at 411 (a federal habeas court may not issue a writ under the unreasonable application clause "simply because that court concludes in its independent judgment that the relevant state-court

decision applied clearly established federal law erroneously or incorrectly").

535 U.S. at 694. As the *Bell* Court notes, "unreasonable application" is not equivalent to "incorrect" application. *Id. See Harrington v. Richter*, 562 U.S. 86, 101 (2011) ("[A]n unreasonable application of federal law is different from an incorrect application of federal law."). As a result, "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Loggins v. Thomas*, 654 F.3d 1204, 1220 (11th Cir. 2011) (citation omitted). *See id.* (rephrasing this rule as: "[I]f some fairminded jurists could agree with the state court's decision, although other might disagree, federal habeas relief must be denied… the deference due is heavy a purposely presents a daunting hurdle for a habeas petition to clear.").

As to claims implicating subsection (d)(2), this Court's review also requires "substantial deference." *Sears v. Warden GDCP*, 73 F.4th 1269, 1280 (11th Cir. 2023) (citation omitted). Moreover, this Court shall presume the state court's determinations of fact are correct "absent clear and convincing evidence to the contrary." *Id.* (citation omitted). "A state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Burt v. Titlow*, 571 U.S. 12, 18 (2013) (cleaned up). In sum, "AEDPA sets a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decision be given the benefit of the doubt." *Sears*, 73 F.4th at 1280 (citation and internal quotations omitted). Accordingly, the undersigned turns the ACCA's determinations with

respect to each of the grounds raised by Walker in his fourth amended Rule 32 petition. *Borden*, 646 F.3d at 816-17.

### 1. Ineffective Assistance of Counsel Claims

Criminal defendants have a right to counsel under the Sixth Amendment to the United States Constitution. *See Borden*, 646 F.3d at 818 ("The right of a state criminal defendant to effective assistance of counsel springs from the Sixth and Fourteenth Amendments to the United States Constitution, and such a right has been clearly established and roundly reaffirmed by the Supreme Court."). The Supreme Court has long recognized that "the right to counsel is the right to the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (citation omitted). The oft-cited standard for evaluating such claims finds its roots in *Strickland*; in short, it requires showing (1) that counsel's performance was deficient and (2) that the deficient performance resulted in prejudice to the defense. *Id*. at 687.

The first of these inquiries – deficient performance – is "highly deferential." *Id*. at 688. To establish this prong, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness" considering all the surrounding circumstances. *Id*. at 687-88. *See id*. at 688 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance;

that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy.") (citation omitted)).

The second inquiry – prejudice – requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Borden*, 646 F.3d at 820 (citing *Strickland*, 466 U.S. at 693). Because a petitioner's failure to demonstrate either deficient performance or prejudice will be dispositive to an IAC claim, courts "are free to dispose of ineffectiveness claims on either of [*Strickland*'s] two grounds." *Oats v. Singletary*, 141 F.3d 1018, 1023 (11th Cir. 1998).

Also relevant here is the Supreme Court's decision in *United States v. Cronic*, 466 U.S. 648 (1984), which provides an exception to the prejudice prong of the *Strickland* standard. This exception "provides that prejudice is to be presumed, and therefore the harmless error rule does not apply, when a criminal defendant has been completely denied the right to counsel for a critical stage of the trial, which is an error that contaminates the entire proceeding." *United States v. Roy*, 855 F.3d 1133, 1144 (11th Cir. 2017) (en banc) (citing *Cronic*, 466 U.S. at 659). *See Strickland*, 446 U.S. at 692 (noting "[a]ctual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice" in certain circumstances). The *Cronic* exception applies "to only a very narrow spectrum of cases where the defendant was in effect denied any meaningful assistance at all." *Roy*, 855 F.3d at 1144. *See Stano v. Dugger*, 921 F.2d 1125, 1152-53 (11th Cir. 1991), underlined on other grounds, *United States v. Garey*, 540 F.3d 1253 (11th Cir. 2008) ("The crux of *Cronic* is that

the right to effective assistance of counsel is 'the right of the accused to require the prosecution's case to survive the crucible of meaningful adversarial testing'"); *Roy*, 855 F.3d at 1144 ("The *Cronic* decision limited the presumption of prejudice to cases where defense counsel entirely fails to subject the prosecution's case to meaningful adversarial testing in the trial or where there is a complete denial of counsel at a critical stage of the trial") (cleaned up). The burden of establishing that an error satisfies the *Cronic* standard "is a very heavy one." *Id.* at 1144 (citation omitted).

a. *Constructive Denial of Counsel Between Preliminary Hearing and Arraignment (Ground 1)*

Walker argued he was constructively denied counsel during an approximate 11-month period between his preliminary hearing on November 29, 2007 and his arraignment on October 23, 2008. (Doc. 13-25, PageID.2766-70). The record shows Walker was represented by appointed counsel William J. Casey, Esq., at his preliminary hearing on November 29, 2007 (Doc. 13-7, PageID.391-436), and that Walter H. Honeycutt, Esq., was appointed to represented Walker at his arraignment on October 23, 2008. (Doc. 13-7, PageID.238). During the interim period, Walker contended he was constructively denied counsel because, after the preliminary hearing, Casey "conducted no work on Mr. Walker's behalf" but did not to file a motion to withdraw. (Doc. 13-25, PageID.2766-70). For support, Walker included as an attachment a 2013 affidavit by Casey which states in relevant part: "Following the conclusion of the preliminary hearing, I took no further action on Mr. Walker's behalf and I did not file a Motion to Withdraw." (Doc. 13-25, PageID.2789). As a result, Walker argued no attorney attempted to investigate the claims against him or any

possible defenses, contacted potential witnesses or negotiated any potential pleas. (Doc. 13-25, PageID.2767). Walker argued his claim fit within the *Cronic* exception, discussed *supra.*, such that he need not demonstrate prejudice.

The ACCA concluded *Cronic* did not apply to this claim because Walker did not plead facts showing counsel's alleged failings during this period resulted in a "fail[ure] to subject the prosecution's case to meaningful adversarial testing." (Doc. 13-16, PageID.1456). The undersigned finds no error in this conclusion. Indeed, in the years after *Cronic*, the Supreme Court has emphasized that for *Cronic* to be invoked in this context, "the attorney's failure to test the prosecutor's case must be complete;" merely alleging counsel's failure to act "at specific points" will not suffice. *Bell*, 535 U.S. at 697. At most, Walker alleges counsel failed to effectively represent him at certain points, which is not enough. *Id*.

In fairness to Petitioner, however, the ACCA did err by not addressing the other route by which *Cronic* can be applied – that is, "where the accused is denied the presence of counsel at a 'critical stage.'" *Bell*, 535 U.S. at 696 (citing *Cronic*, 466 U.S. at 659, 662)). Walker's *Cronic* argument was based on the contention that "counsel provided no representation whatsoever during the crucial pre-trial period" between his preliminary hearing and arraignment, which Walker asserted was a "critical stage." (Doc. 13-25, PageID.2768). There is no doubt that both the preliminary hearing itself and the subsequent arraignment are both critical stages. *See Gilchrist v. State*, 585 So. 2d 165 (Ala. Crim. App. 1991). Walker's contention with respect to the interim period is over-generalized, and he points to no case law indicating that

the specific period of time in between a preliminary hearing and arraignment is itself a "critical stage." (*See* Doc. 13-25 (referring generally to right to counsel during the "pre-trial" stage)). Even if it were, *Cronic* was concerned with the "<u>presence</u> of counsel at a critical stage," or can apply "when counsel was… <u>totally absent</u>, or prevented from assisting the accused during a critical stage." *Castillo v. Florida*, 722 F.3d 1281, 1287 (11th Cir. 2013) (citations omitted) (emphasis in original). Here, Walker had counsel appointed on his behalf such that counsel was present, and counsel was not "totally absent" or "prevented" from assisting Walker in any way. (Doc. 13-25). Instead, counsel just did not do anything to further Walker's case during this time. There is no indication for example, that if Walker had asked counsel to do something – like reach out to a potential witness – that he would have been unable or unwilling to do so during this period. Notably, Walker never stated that he made such requests that were rebuffed or ignored. Accordingly, the undersigned finds that while the ACCA should have addressed this potential application of *Cronic*, no error resulted because it is not otherwise applicable. Thus, the ACCA was ultimately correct in finding Walker needed to satisfy the *Strickland* standard with a showing of prejudice.

Moreover, the ACCA was correct that Walker did not make such a showing, instead largely relying on his invocation of *Cronic* to carry the day. He made a cursory attempt to show prejudice by alleging counsel did not interview witnesses, track down evidence, bargain with the State or otherwise investigate. (Doc. 13-25, PageID.2770). However, as the ACCA notes, Walker did not indicate who should have been interviewed, what evidence was available to be investigated or what plea terms were

sought. In sum, because *Cronic* does not apply, Walker needed to show prejudice under *Strickland*, and he failed to demonstrate the result would have been different had counsel performed differently.

### b. *IAC – Sentencing Advice (Ground 2)*

The ACCA found this claim was meritless. (Doc. 13-16, PageID.1459-63). The undersigned agrees. Walker argued his trial counsel was ineffective by failing to properly advise him regarding the amount of time he would likely serve on the 25-year sentence offered to him by the State's plea deal. (Doc. 13-25, PageID.2770-74). Specifically, Walker asserted counsel was ineffective by: (1) failing to advise him that would be eligible for parole and (2) failing to "correct the misstatement by the trial court that the Petitioner would serve every bit of 25 years" if he took the State's offer. (*Id.*). He contended that, had he known he would have been eligible for parole, he would have accepted the State's plea offer. (*Id.*).

The record does not indicate exactly what Walker's counsel told him with respect to how much time he was likely to serve on the 25-year sentence or that he could become eligible for parole, but the record of a proceeding before the circuit court on this plea offer indicates counsel encouraged Walker to take the deal. (*See* Doc. 13-25, PageID.2790-93; Doc. 13-13, PageID.1293-1303). The ACCA observed the same, and further noted that Walker rejected the very deal he now complains he would have taken. (*Id.*). In his fourth amended Rule 32 petition, he appeared to be under an impression that, if he had taken this offer, he would have been eligible for release in 15 years. (*See* Doc. 13-25, PageID.2771-72). It is certainly possible Walker might have

had an opportunity to be eligible for parole in 15 years, but there is never such a guarantee. *See Martin v. Alabama Bd. of Pardons & Paroles*, 597 So. 2d 214, 215 (Ala. Civ. App. 1992) ("[T]he granting of parole is not a legal right but is subject to the discretion and power of the Board."). Moreover, as the State notes in its response, Walker ignored the nature of his convictions in positing this argument, which likely would be considered aggravating factors cutting against his release at the 15-year mark. (*See* Doc. 13, PageID.136). Indeed, this is exactly what his counsel advised in stating there was no "guarantee" of what might happen. (Doc. 13-25, PageID.2790-93). The ACCA concluded this advice was correct, and the undersigned finds no error in this conclusion. Because the Board of Pardons and Paroles ultimately retains discretion in determining whether parole should be extended, counsel did not perform deficiently because the advice he gave was correct. Ala. Code § 15-22-26. *See Thomas v. Sellers*, 691 F.2d 487 (11th Cir. 1982).

With respect to counsel's failure to correct the circuit court's misstatement, the ACCA reasoned Walker clearly rejected the plea deal before this misstatement was made, such that it had no impact on Walker's decision. (Doc. 13-25, PageID.1462-63). Further, Walker cited no caselaw in support of this claim. The record supports both conclusions, and the undersigned finds counsel did not perform deficiently by not correcting the court's misstatement.

### c.  *IAC – Failure to Investigate and Prepare for Trial (Ground 4)*

Walker alleged his trial counsel failed to conduct an adequate investigation or prepare for trial. (Doc. 13-25, PageID.2776-82). The undersigned agrees with the

State that Walker's claims on this ground are supported solely by conclusions, such that dismissal by the ACCA on this ground was appropriate. Walker contended trial counsel was deficient by failing to: (1) interview more than two witnesses for the defense, (2) speak with witnesses for the State, (3) retain any experts "particularly in the area of forensics," and (4) investigate information possibly implicating other suspects. (*Id*.). However, Walker did not assert who else should have been interviewed, did not identify what State witnesses his counsel should have spoken with, did not explain what experts would have been needed or the type of forensic evidence that would have been relevant, and while he named other potential suspects, he did not describe how and/or why those individuals could have been suspects. Each of these actions and/or inactions fall squarely within the possible realm of counsel's trial strategy and do not indicate deficient performance. Moreover, even if deficiency could be presumed here, Walker did not make a showing of prejudice, as he did not point to any indication that the outcome of his case would have been different had counsel taken this different approach.

### d. IAC – By Appointing Counsel of Walker's Behalf (Ground 7)

Walker contended his Sixth Amendment rights were violated when counsel was appointed on his behalf without a formal determination of indigency pursuant to Ala. R. Crim. P. 6.3(a). (Doc. 13-25, PageID.2787). The ACCA concluded, and the undersigned agrees, that such a claim is plainly foreclosed by the record. (*See* Doc. 13-16, PageID.1473-74). No Sixth Amendment violation occurred when the circuit court appointed counsel on Walker's behalf. At any point during his case, Walker was

free to select a counsel of his choice, and circuit court otherwise acted appropriately by complying with the provisions of Ala. Code §§ 15-12-5(a) and 20. (Doc. 13-16, PageID.1473-74). The ACCA's determination on this ground was appropriate.

   e.  *IAC – Incomplete Transcript (Ground 5)*

Walker argued his appellate counsel did not receive the complete transcript of his trial proceedings, such that counsel was ineffective when he submitted a brief on Walker's behalf without the complete record. (Doc. 13-25, PageID.2782-86). Specifically, Walker made this argument in the context of the arguments raised by his ground 2 (sentencing advice) and as to the consolidation of his offenses for sentencing purposes. (*Id*.). With respect to the sentencing advice aspect of this claim, the ACCA affirmed summary dismissal because it determined Walker's ground 2 was otherwise meritless. (Doc. 13-16, PageID.1472). As discussed in Part II(C)(1)(b), *supra*., the undersigned concurs Walker's argument on this point was meritless because counsel did not perform deficiently. It follows then, that appellate counsel cannot be ineffective for failing to make an argument that was bound for failure.

With respect to the consolidation aspect of this ground, the ACCA reasoned it was insufficiently pleaded. (*Id*.). Like all of Walker's IAC claims, he must demonstrate prejudice in order to be entitled to relief. In the context of an incomplete transcript, he must demonstrate he was actually prejudiced by its lack of inclusion. *Songer v. Wainwright*, 733 F.2d 788, 792 (11th Cir. 1984). While Walker makes clear enough that he does not think the circuit court's consolidation was appropriate, he does not make a showing that the result would have been different had consolidation

not occurred. (*See* Doc. 13-25, PageID.2784-85). Moreover, he does not point to any specific arguments that appellate counsel could have raised if the full transcript had been included, so he has not demonstrated prejudice.

### 2. <u>Other Claims for Relief (Grounds 3 and 8)</u>

Having concluded Walker is not entitled to habeas relief on his ineffective assistance of counsel claims, all that remains are the arguments stemming from ground 3 (application of HFOA) and ground 8 (trial court's adoption of proposed order). Both grounds are rooted solely in the application of state law, and "[a] state's interpretation of its own law or rules provides not basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *McCullough v. Singletary*, 967 F.2d 530, 535 (11th Cir. 1992) (citation omitted). Accordingly, this Court will not second guess the ACCA's application of its own laws, rules and precedents, nor does the undersigned otherwise see error in the ACCA's conclusions.

## III. *Certificate of Appealability*

In actions such as this one brought under § 2254, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the § 2254 Rules. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by State court." 28 U.S.C.A. § 2253(c)(1)(A).

Under § 2253, "a COA may not issue unless 'the applicant has made a substantial showing of the denial of a constitutional right.'" *Slack v. McDaniel*, 529

U.S. 473, 483 (2000). To be entitled to a certificate of appealability where a district court has rejected constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. at 484. Additionally, where habeas relief is denied on procedural grounds without reaching the merits of the underlying constitutional claim(s), "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. at 484. "A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quotations omitted). However, "a COA does not require a showing that the appeal will succeed." *Id*. at 337.

Upon consideration, the undersigned **RECOMMENDS** Walker be **DENIED** a Certificate of Appealability in conjunction with the dismissal of the present § 2254 petition, as reasonable jurists would at least not find it debatable whether the Court was correct in its rejection of Petitioner's grounds 1, 2, 4, 5 and 7 on the merits, that the Court was correct in its procedural ruling as to the ground 6, or that Walker is simply not entitled to habeas relief as to grounds 3 and 8.[6]

---

[6] Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by the petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. Should this Court deny a certificate of appealability, Petition "may not appeal the denial buy may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) of the 2254 Rules.

## IV. *Appeal In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

> A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished). Having considered the issues raised as set forth above, the undersigned **RECOMMENDS** the Court **CERTIFY** that any appeal by Walker of the denial of the present § 2254 motion would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.[7]

## V. *Conclusion*

Upon consideration and for the reasons stated herein, the undersigned **RECOMMENDS** Walker's § 2254 petition be **DISMISSED with prejudice**. Further, the undersigned **RECOMMENDS** Walker be **DENIED** a Certificate of Appealability and that the Court **CERTIFY** that any appeal by of the denial of the

---

[7] Walker may file a motion to proceed on appeal *in forma pauperis* with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

present § 2254 petition would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.

## <u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. GenLR 72(c). The parties should not that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this the 22nd day of February 2024.

                        */s/ Katherine P. Nelson*
                        **KATHERINE P. NELSON**
                        **UNITED STATES MAGISTRATE JUDGE**